HOFF and others *v.* IRON-CLAD MANUF'G CO.[1]

(*Circuit Court, S. D. New York.* April 10, 1886.)

1. PATENTS FOR INVENTIONS—CONSTRUCTION OF CLAIM—INFRINGEMENT.
The first claim of letters patent granted June 19, 1883, to Charles Hoff, was for "the method of forming the body of a coal-hod or other similar vessel, which consists, substantially, as before set forth, in first forming a cone-shaped body from a suitable blank, then folding in the cone end of said body in crimps, to form the bottom." Defendant formed only a part of its coal-hod bottoms by folding in the sides, and then closed the space between the folded ends with a cap. *Held,* that Hoff's first claim should not be limited to a method in which a perfect cone-shaped body is first made, and that defendants infringed said claim.

2. SAME—HENRY S. REYNOLDS' PATENT OF AUGUST 26, 1883.
This patentee may have made a patentable improvement over Hoff's device, but it contains the essentials, and is an infringement of the first claim of the Hoff patent.

In Equity.
*Arthur V. Briesen,* for complainants.
*Ernest C. Webb,* for defendants.

WALLACE, J. This suit is founded on a patent granted to Charles Hoff, June 19, 1883, for a coal-hod. The claims of the patent are as follows:

"(1) The method of forming the body of a coal-hod or other similar vessel, which consists, substantially, as before set forth, in first forming a cone-shaped body from a suitable blank, then folding in the cone end of said body in crimps, to form the bottom.

"(2) As a new article of manufacture, a coal-hod formed of a single piece, and having its bottom crimped or folded, to form a series of annular ribs or rings of progressively increasing diameter, substantially as shown and described."

The patentee was the first to perceive the advantages of making a coal-hod in which the sides and bottom should be formed out of one piece of metal in such manner that the bottom, while be-

---

[1] Edited by Charles C. Linthicum, Esq., of the Chicago bar.

ing integral with the sides, should at the same time be thicker and stronger than the sides, in order to sustain the extra wear to which it is subjected in use. He described in his specification the mode of making such a coal-hod, as consisting — *First*, in cutting a piece of sheet-metal into a blank adapted to being bent around a cone-shaped former, bending the metal around the former, and uniting its edges; *secondly*, in pressing the metal at the cone end of the structure into a series of crimps or folds, making a partially formed bottom; and, *thirdly*, in flattening the partially formed bottom to complete the hod. By this mode of making the hod the surplus metal taken up by the sides of the folds or crimps is utilized to increase the strength and thickness of the bottom. The defendant is making a coal-hod such as is described in the patent granted to Henry S. Reynolds, August 26, 1884. Reynolds was an employe for the defendant when a coal-hod made conformably with the complainants' patent was shown to him. He availed himself of that feature of the patent which consists in using the same piece of metal to form the sides and bottom, so that the bottom will be of an increased thickness of metal; and in order to decrease the cost of production, or to evade the patent, he concluded to form only a part of the bottom from the metal of the sides, by folding in the sides, and then closing the space between the folded ends with a cap. He describes in his specification the cutting of his sheet-metal into a suitable blank, the bending of the blank, and uniting the metal at the edges, the compression of the bottom end of the structure between dies of suitable shape to form a series of radial ribs, and then flattening of the ribs by compression, "thereby partially forming the bottom of the vessel out of a portion and in one piece with the body, the walls of the ribs folding in upon the metal between them, and thus increasing the thickness of metal throughout a portion of the bottom, and consequently increasing the strength," etc.

The second claim of his patent is as follows:

"(2) A vessel comprising a sheet-metal body, having its lower edge crimped or folded inwardly, and a cap engaging said crimped edge, and flattened down inside and outside the same, to embrace it, to form the bottom of the vessel, and substantially as described."

It may be that such a hod can be made at less expense than the hod of the complainant's patent, and, if so, that Reynolds made a patentable improvement, but he has taken Hoff's invention in essentials. He left out part of Hoff's bottom, and substituted a cap for the rest. Hoff, in the specification of his patent, expressly states that he does not desire to limit himself to any particular form of crimp or fold for the bottom of the hod. He also points out that the form given to his structure before the cone end is flattened into a bottom may be changed, and still have a tapered end, the metal of which may be compressed to fold over and strengthen the bottom. He was not limited to any narrower claim than the specification al-

lows by the prior state of the art. Such a construction should be given to the first claim of his patent as will cover his real invention, and it therefore should not be limited to a method in which a perfect cone-shaped body is first made.

It is held that the defendant infringes the first claim of the complainant's patent. The second claim is not infringed. The defendant's hod does not have a botton so crimped as to form a series of annular ribs, or rings of progressively increasing diameter. A decree is ordered accordingly.